We will hear argument next in the case of United States v. Claybron. Ms. Eisenman. Thank you. May it please the court, Vanessa Eisenman on behalf of Rickey Claybron. This case should be remanded for a limited purpose, and that is to allow the district court to reconsider the sentence just on the robbery counts in light of the newly enacted retroactive amendment to the status points guideline. There really isn't a whole lot that's in dispute here. Everybody agrees that the district court made no error in the guidelines initially, and everybody agrees that the status points amendment changes Mr. Claybron's guidelines such that he now has a lower criminal history category and a lower guideline range under the amendment. In this case, this court's decision in United States v. Alexander addresses these exact same circumstances and says that the proper course of action is to remand to the district court for it to consider if it would change the sentence unless the record indicates that it would have imposed the exact same sentence. Here the government doesn't even argue that the district court would have imposed the same sentence, and it's all over the record that the judge chose this 168-month sentence because it was at the bottom of the guideline range. He even says, I'm going to choose a bottom-of-the-guideline sentence. The government asked for that sentence because it was at the low end of the guideline, so there is nothing in the record to indicate that the judge would not reconsider based on the lower guidelines. Again, this court has authority not only under that discussion in Alexander. Did the guidelines as they took effect on November 1 contain an express retroactivity declaration? I believe that's under the 1B1.10 is where it includes Amendment 821 and says that that is included under the retroactivity provisions. Because your reply brief doesn't say that. Your reply brief says that the chairman wanted it to be retroactive. I apologize. What's needed is an express retroactivity finding by the commission. Yes, and that was made, and I apologize that it wasn't included. I'll ask the same question of the United States, whose brief obviously preceded some of these events. That's the big question. Is there an express retroactivity finding by the commission? Yes. I want to rely on that, but even if we did when we filed our opening brief, there wasn't, and there is still authority in this court. It doesn't matter what happened when you filed your opening brief. What matters is whether the commission has declared this amendment to be retroactive. They have. No, not whether the chairman wants it to be retroactive, whether the commission has made it retroactive. I understand. I apologize for the error. Yes, it has. Which amendment was that? That's amendment 821 is the status points amendment, and then it appears, the retroactivity portion of it appears in guideline, I believe it's 1B1.10. So there was an amendment to 1B1.10. If you'll indulge me just for a second, that is in the appendix to my reply brief. I apologize that it was not clear. So that's on appendix 36 in my reply brief, 1B1.10. And it's subsection E, special instructions. Oh, I'm sorry. The subsection before that is D, covered amendments. There it lists 821, and subsection E is where it talks about the effective date being February 1st. But, again, the district court has authority to have these kinds of proceedings under 3582 even before that point, as long as the order is not effective until then. Ms. Eisman, we'd have discretion to address this under 28 U.S.C. 2106. Mr. Claiborne would have the opportunity to pursue other avenues of relief as well, 18 U.S.C., 3582C. Why should we use 2106 and not leave him to his other devices? Yeah, I think that's a good question. And the answer is because you can, and it would be the most efficient and expedient thing. We're already here. We're already on appeal. This court has precedent in the Bell case and also in Alexander to use 2106 in these kind of situations, and that is also a situation in which Mr. Claiborne would be assured his constitutional right to counsel. Under the Blake decision, he does not have that constitutional right under 3582. So, again, we're here. We've got authority. We've got case law. There's no reason not to just do it now, give him the relief that he's entitled to, and let him go back rather than having him start all over in a 3582 proceeding. So unless this court has any questions, I'll reserve my remaining time for rebuttal. Thank you. Mm-hmm.  Ms. Mavis, you can tell where we're going to start. Yes, good morning, Your Honor. May it please the Court, Jessica Mavis for the United States. Your Honor, the government submits that no error was committed, and to remand this case for modification. No, I said you can tell where we're going to start. I can. Has the amendment been expressly listed as retroactive? Yes, Your Honor. The government has no basis to object to the applicability of the amended guideline or the retroactivity to Defendant Claiborne. However, the government's position is to remand this case pursuant to 2106 is not proper because this court would then be making a finding that the district court's sentence was unjust or inappropriate. And defendant can point to no error. There's no plain error. No error was committed by the district court when sentencing Defendant Claiborne. The judge correctly calculated the sentencing guidelines at the time he sentenced. Why do you care whether we remand whether instructions to think about Amendment 821 or whether Claiborne files a motion in the district court asking it to think about Amendment 821? In either event, the district judge has to do it. Understandably, Your Honor, but the government cares about whether or not this court tells the district court that a sentence that was proper was unjust or inappropriate because it wasn't. I understand that, and frankly, I came in thinking there was utterly no basis to remand in this case. But since the amendment has been declared now retroactive, why doesn't that amount to a plain error since we apply controlling law as of the time of the appeal in making that determination? Well, Your Honor, the remedy afforded to Defendant under 3582C is specifically dictated for this purpose. When a guideline amendment results in a lower sentencing guidelines. You agree that's available to her? Correct, correct. Okay, so, okay. And that is the proper vehicle. That is the proper vehicle for all defendants. You haven't answered my question, why do you care? Because the district court sentence was just and it was appropriate. Well, you're going to say the district judge should not reduce the sentence. Why do you care whether you say that on remand or in response to the absolutely inevitable motion to reduce the sentence in the district court? It's the same question for the same judge at one might think the same time. Your Honor, the government can't take a position yet with respect to what the government's sentencing recommendation would be under a 3582C petition. That being said, the remedy that is afforded to Defendant under 3582C is not a full rehearing or resentencing on the robbery counts, which is what Defendant asks for under 2106. With counsel, 3582C does not afford Defendant counsel. But there is a general order that has been entered in this district that does afford Defendants who desire to have counsel appointed on 3582C petitions to have counsel from the Federal Defenders Program appointed if they so desire. So, my colleague's argument that Claiborne won't have counsel is moot at this point. Defendant Claiborne will have counsel if he so desires on the 3582C. Okay, so you don't want to bully him, right, on the theory that he won't have counsel. But that still leaves us with the problem, what difference does it make to you? The issue is the properness of the procedure, Your Honor. Under 2106, Defendant Claiborne gets more than he's entitled to. He gets more than every other defendant. He gets a full resentencing or a full hearing on the robbery counts. On four counts that every other defendant doesn't get under 3582 who is similarly situated to Defendant Claiborne. I don't understand what the difference is. So under 2106, this court is, number one, finding that the sentence was unjust or inappropriate and remands to the district court. We don't have to find that a sentence was unjust in order to remand. Or that the court committed an error. No, we don't have to find that either. We can act under 2106 as we think justice requires. That's what the statute says. And then the nature of the hearing is more than what Defendant Claiborne is entitled to or any other similarly situated defendant under 3582C. So your argument is that somehow the other sentences have a possibility of being adjusted under 2106 that doesn't exist under 3582? They have a more robust hearing. Okay, under 3582C we're dealing with a briefing schedule. Why can't we remand and say conduct the same kind of hearing you would conduct if there were a motion? If there were to be a hearing under 3582C. I think you underestimate the scope of flexibility given by 2106. The government's position is that 2106 requires that this court find that the district court committed an error. And defendant cannot point... Where is that in the language of 2106? What am I missing? Under 2106 the court may affirm, modify, vacate, set aside, or reverse and remand and direct appropriate judgment as may be just. Yes. It doesn't say if the district judge committed an error at the time it was and so on. It's just not there. But the standard of review for a claim that defendant didn't raise at the time of sentencing is plain error review. And there is no error in this case. No, it's not plain error review. There was no error. We're all agreed on that. There was no error. But we have a retroactive guideline, and the question is what is the most appropriate way to proceed in the absence of error but with the presence of a retroactive guideline? And I still don't see the answer to why the United States gives two hoots. The district judge has to consider the retroactive guideline, and it's perfectly free to say, don't make no difference to me. Thank you very much. The district court certainly can under consideration under 3582C, which is the appropriate vehicle for the district court to consider the amended guidelines and the reduced guideline sentencing range. So if there are no further questions, the government asks this court to affirm the judgment of the district court, finding that 3582C is the appropriate mechanism for the defendant to submit his request to the district court. Thank you. Thank you, counsel. Anything further, Ms. Eisenman? Thank you. Okay. Well, thank you very much, and Ms. Eisenman, the court appreciates your willingness to accept the appointment and your assistance to the court as well as your client. The case is taken under advisement.